IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02104-WYD

TIMOTHY ALAN DOMENICO,

    Plaintiff,

v.

VEOLIA TRANSPORTATION, INC.,

    Defendant.

## ORDER OF REMAND

THIS MATTER comes before me on the Defendant's Amended Notice of Removal [ECF No. 1] filed August 31, 2010. This matter was previously before the Court on Defendant's Notice of Removal in Case No. 10-cv-01996-WYD. On August 25, 2010, however, I remanded that case back to Arapahoe County for Defendant's failure to establish the jurisdictional amount. *See Domenico v. Veolia Transp.,* 10-cv-01996 (D.Colo. Aug. 25, 2010) (Order remanding case). In its first attempt at removal, Defendant referenced the civil cover sheet as the basis to establish the amount in controversy, a practice that has been repeatedly rejected as insufficient by a majority of judges from this district. *See, e.g., TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-00402, 2009 WL 535815, at *1 (D. Colo. March 3, 2009) (Judge Kane); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (Judge Krieger).

In support of its Amended Notice of Removal, Defendant submits the affidavit of Plaintiff wherein he declares that he is seeking a monetary judgment in excess of $100,000.

*See* Def.'s Am. Notice of Removal, Ex. A, ¶4 [ECF No. 1-A]. Plaintiff purportedly executed the affidavit on August 30, 2010. It is also noted in the Amended Notice that the Plaintiff has no objection to the removal of this action. *Id.* at p. 1.

The fact that this case was previously remanded does not automatically preclude the Defendant from filing a second notice of removal. *Adams v. Allstate Ins. Co.*, No. 08-cv-01567, 2008 WL 4831425 at *1 (D. Colo. Nov. 4 2008) (Judge Daniel). Section 1446(b) permits a party to file a second notice of removal if subsequent pleadings or events reveal a new and different basis for removal. *Id.; see also, e.g., Nicholson v. Nat'l Accounts, Inc.*, 106 F.Supp.2d 1269 (S.D.Ala. 2002); 28 U.S.C. §1446(b). As I have ruled previously, the second paragraph of section 1446(b) must be read in conjunction with 28 U.S.C. § 1447(d) which provides that a remand order "is not reviewable on appeal or otherwise." *Adams*, 2008 WL 4831425 at *1 (quoting 28 U.S.C. § 1447(d)). I construe these two sections to limit the grounds for second removal, or re-removal, to instances where events that occur subsequent to the first removal reveal a new and different basis for removal. I have previously cited with approval the following elaboration on this issue:

> "Thus, while a defendant may re-remove a case pursuant to section 1446(b), where, for example, the plaintiff amends her non-diverse state law complaint after remand to add a federal cause of action, the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which supplies evidentiary support for the argument that the previous remand order was incorrect."

*Adams*, 2008 WL 4831425 at *1 *(citing Nicholson*, 106 F.Supp.2d at 1271).

Here, Defendant's Amended Notice of Removal, which is actually a re-removal, refers to Plaintiff's affidavit wherein he declares his intent to seek more than $100,000 in

damages. The affidavit, however, does not reveal a "new or different basis for removal" that did not exist at the time of the first removal. *Adams*, 2008 WL 4831425 at *1; *Nicholson*, 106 F.Supp.2d at 1271. The affidavit merely provides the evidentiary support that should have been presented with the first Notice of Removal. There is no indication that this information is "new" in the sense that it was unavailable at the time the first notice of removal was filed or that it represents a change in Plaintiff's position on the issue of damages. The affidavit is nothing more than evidence that could have and should have been submitted with the first Notice of Removal. Providing that evidence for the first time now, in a re-removal proceeding, is improper and does not comply with the applicable law. *Adams*, 2008 WL 4831425 at *1; *Nicholson*, 106 F.Supp.2d at 1271.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that this matter must be remanded to the State Court. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001)(the removal statute is construed narrowly); 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Arapahoe County, Colorado District Court from which the case was removed.

Dated: August 31, 2010

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Chief United States District Judge